UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JORDAN MICHAEL CRALL,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 1:17-cv-1071

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant United States of America for failure to state a claim.

**Discussion**

I.      **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the United States of America.

Plaintiff's complaint is not a model of clarity. Plaintiff does not explain why he names the United States of America as the only defendant. He is suing for three incidents: (1) medical kites that he sent on October 13 and 16, 2017, that were returned to him without action; (2) the "shower situation" on October 20, 2017; and (3) the refusal to return his license. (Compl., ECF No. 1, PageID.5-8.)

Plaintiff does not state specifically why he sent the medical kites. He does note that his weight has dropped a lot. (*Id.*, PageID.8.) The kites were returned on October 20, 2017, he notes, because the recipient claimed he (or she) could not read them. (*Id.*, PageID.5-7.)

The "shower situation" on October 20, 2017, consists of corrections officers denying Plaintiff a shower, shave, and nail trim.

Plaintiff does not explain what license was taken or when it was taken, but he does note "I cant go without driving I need to be able to get around."[1] (*Id.*, PageID.8.)

Plaintiff identifies some corrections officers and other MDOC personnel in his complaint, but he does not name them as defendants. (*Id.*, PageID.6) ("(Betche)(female), (shaved sides)(female)(c_), (Watkins), (Martens), (Srg)(female)(Brunett), (Downing), or whoever else was here that day."). Plaintiff also makes reference to other incidents in his complaint; but he clearly limits the claims he is raising to the three claims identified above. Plaintiff claims the listed incidents constitute cruel and unusual punishment and slavery.

---

[1] Plaintiff's handwriting is difficult to read. The quoted sentence is the Court's interpretation.

Plaintiff seeks $1,000,000.00 in damages and his license back.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);

*Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's reference to cruel and unusual punishment indicates he is raising a claim under the Eighth Amendment.

### III. The United States of America is immune from suit

"Absent a waiver of sovereign immunity, the Federal Government is immune from suit." *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "[I]n enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). This Court has concluded that Congress did not waive the sovereign immunity of the United States by enacting § 1983. *Agility Network Servs. Inc. v. United States*, No. 1:14-cv-1310, 2015 WL 9591356, at *4 (W.D. Mich. Nov. 23, 2015) ("Sovereign immunity bars Plaintiffs' claim [against the United States] under § 1983, and so the claim must be dismissed."). Accordingly, Plaintiff's claims against the United States must be dismissed on grounds of immunity.[2]

---

[2] The same result follows if Plaintiff were seeking relief under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* recognized an implied damages action against federal officials that is similar to liability under § 1983. Nonetheless, even federal prisoners cannot sue the United States of America in a *Bivens* action. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."). The United States enjoys sovereign immunity against *Bivens* actions. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) ("'[T]he United States has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action . . . .'").

## IV. The United States of America cannot violate § 1983

Plaintiff has named the United States of America as the "person" who violated his constitutional rights under color of state law. "[A] State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. That is so, in part, because "in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are construed to exclude it.'" *Id.*, (quoting *Wilson v. Omaha Tribe*, 442 U.S. 653, 667 (1979)). The same reasoning would apply to the United States of America. Moreover, the United States of America does not act "under color of state law." Finally, Plaintiff has not alleged any factual basis to attribute the actions of which he complains--the return of his medical kites, the denial of his shower, or the refusal to return his license--to the United States of America.

## V. Plaintiff has failed to state an Eighth Amendment claim

Even if Plaintiff named individual defendants who were amenable to suit, the conduct alleged does not rise to the level of a constitutional violation.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In

other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner=s need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations fail with respect to the objective component and the subjective component. As best as the Court can discern from Plaintiff's complaint, the medical "need" at issue is Plaintiff's loss of weight. Without more, that fact does not suffice to demonstrate a medical need so serious that even a lay person would find it obvious. Even if it did, Plaintiff has failed to demonstrate that the person that attempted to read his medical kites was aware of either (1) the need or (2) facts from which that person inferred a substantial risk of

6

serious harm. Indeed, Plaintiff's allegations suggest that the person who received Plaintiff's medical kites was unable to read them. Based on the penmanship Plaintiff has demonstrated in his complaint, that is not surprising.

Plaintiff's one-day deprivation of a shower, shave, and nail clip, is likewise not sufficiently serious to give rise to an Eighth Amendment claim. The Eighth Amendment prohibits punishments that are physically barbaric and also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 102-103. To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life=s necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim.") (internal citation omitted). The Sixth Circuit has upheld as constitutional only one shower per week. *See Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985). No reasonable factfinder could conclude that missing one shower, shave, and nail clip,

on one day, results in the denial of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

### VI. Plaintiff has failed to state a constitutional claim regarding his license

Finally, Plaintiff's contention that the licensing authority refuses to return his driver's license does not rise to the level of a constitutional violation. There is no fundamental right to possess a driver's license or drive a motor vehicle. *See League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 534 (6th Cir. 2010) (court upheld district court's conclusion that there was no fundamental right to a driver's license); *see also Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) ("[T]here is no fundamental right to drive a motor vehicle."). Moreover, Plaintiff does not allege that his license was taken, or that it is now retained, as part of the punishment for the conviction that resulted in his incarceration.[3] Thus, it appears that Plaintiff's constitutional challenge regarding the license does not relate to punishment and the Eighth Amendment is not implicated.[4]

Whatever the reason for taking the license in the first place, it appears that Plaintiff believes the purpose of the taking is fulfilled and he is now entitled to the return of his license. Essentially, therefore, Plaintiff contends that the licensing authority is holding his property, the license, without authorization, thereby denying Plaintiff his property without due process of law. The Sixth Circuit rejected a similar "refusal to return a driver's license" claim in *Fox v. Van Oosterum*, 176 F.3d 342 (6th Cir. 1999). In *Fox*, the Sixth Circuit concluded that

---

[3] According to the MDOC Offender Tracking Information System (OTIS), Plaintiff is serving concurrent sentences of 1 year, 6 months to 4 years imposed by the Branch County Circuit Court following his *nolo contendere* plea to two counts of felonious assault. http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=703965. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Plaintiff. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821–22 n. 3 (E.D. Mich. 2004).
[4] Even if the revocation were punishment, under the Eighth Amendment, a punitive forfeiture is only problematic if it is disproportionate to the gravity of a defendant's offense. *United States v. Bajakajian*, 524 U.S. 321 334 (1998). Plaintiff makes no such allegation here.

such a claim was barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy.[5] If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, at least one state post-deprivation remedy is available to him. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS. § 600.6419(1)(a). The Sixth Circuit

---

[5] The *Fox* court explained that predeprivation process is meaningless when the claim is a wrongful failure to return:

> Predeprivation process was not feasible here because, according to Fox, no deprivation occurred until after the defendants refused to return the license. The idea of providing predeprivation "notice" here is meaningless because no property deprivation is alleged to have occurred until Fox asked for the return of the license and that request was turned down. Furthermore, a predeprivation hearing is not feasible here. Would we require police officers and prosecutors to convene a hearing prior to answering all requests for the return of any evidence or property that the officers or prosecutors had collected during an investigation? We hold that Fox was not entitled to predeprivation process here because such process was not feasible.

*Fox*, 176 F.3d at 349.

9

specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his driver's license. Accordingly, Plaintiff=s claim regarding his license is properly dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants United States of America will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: December 21, 2017 /s/ Robert J. Jonker
                                                                             Robert J. Jonker
                                                                             Chief United States District Judge